METROPOLITAN FINANCE CORPORATION, Respondent, vs. MATTHEWS, Commissioner of Banks, Appellant.

*November 3—December 1, 1953.*

For the appellant there were briefs by the *Attorney General* and *Roy G. Tulane,* assistant attorney general, and oral argument by *Mr. Tulane.*

For the respondent there was a brief by *Stroud, Stebbins, Wingert & Stroud* of Madison, attorneys, and *Barker, Winger, Bagby, Smith & Loftin* of Kansas City, Missouri, of counsel, and oral argument by *E. L. Wingert* and *Byron H. Stebbins.*

BROADFOOT, J.   The trial court held that the proposed activities of the plaintiff would be wholly interstate commerce

and that the provisions of sec. 218.04, Stats., would not be applicable to it. In its memorandum decision the trial court relied heavily upon many federal cases cited by the plaintiff, and which are also cited in its brief here. These were the so-called drummer cases. Factually, they are very different from the situation presented to us, and most of the state regulations involved in those cases either placed an undue burden upon interstate commerce or discriminated against nonresidents engaged in interstate commerce, and the regulations were therefore clearly unconstitutional.

The defendant, on the other hand, contends that the constitutional grant to congress of power to regulate interstate commerce does not forbid all regulations by the states of financial transactions in interstate commerce. The defendant cites the so-called insurance and securities, or Blue Sky Law cases in support of its position. These cases, too, are so different factually from the present case that they do not serve as precedents.

All of the cases do enunciate certain principles of law that may be applied in the determination of this case. So far as it is possible to state an applicable rule in general terms, it is as follows: If plaintiff's business, although in interstate commerce, has incidents and requires activities within the state intimately related to local welfare, then those incidents and activities are subject to state regulation under the police power, unless congress has, by appropriate legislation, preempted the field with reference thereto.

The defendant has cited the case of *United States v. South-Eastern Underwriters Asso.* 322 U. S. 533, 547, 64 Sup. Ct. 1162, 88 L. Ed. 1440, in which the rule was stated as follows:

"Another reason advanced to support the result of the cases which follow *Paul v. Virginia* has been that, if any aspects of the business of insurance be treated as interstate commerce, 'then all control over it is taken from the states

and the legislative regulations which this court has heretofore sustained must be declared invalid.' Accepted without qualification, that broad statement is inconsistent with many decisions of this court. It is settled that, for constitutional purposes, certain activities of a business may be intrastate and therefore subject to state control, while other activities of the same business may be interstate and therefore subject to federal regulation. And there is a wide range of business and other activities which, though subject to federal regulation, *are so intimately related to local welfare* that, in the absence of congressional action, they may be regulated or taxed by the states. In marking out these activities the primary test applied by the court is not the mechanical one of whether the particular activity affected by the state regulation is part of interstate commerce, but rather whether, *in each case,* the competing demands of the state and national interests involved can be accommodated. And the fact that particular phases of an interstate business or activity have long been regulated or taxed by states has been recognized as a strong reason why, in the continued absence of conflicting congressional action, the state regulatory and tax laws should be declared valid." (Emphasis supplied.)

Thus each case must be considered upon its own facts. So long as the solicitors are independent contractors and not subject to the direction of the plaintiff, its proposed activities within Wisconsin would be so minor that they would not be subject to regulation by the state. That may not be true so far as the solicitors are concerned. Presumably they will be Wisconsin people dealing with Wisconsin people.

The complaint also asked that the defendant be enjoined and restrained from enforcing or attempting to enforce the provisions of sec. 218.04, Stats., against the solicitors, and the judgment so provided. In so far as the judgment refers to solicitors, it must be modified. No solicitor was a party to the action. There are none in existence who could be; none who could authorize plaintiff to represent him or them. The proposed activities of unknown persons cannot be fore-

seen or described; the complaint does not attempt to do so. Therefore the last three words of the injunction section of the judgment, "or its solicitors," should be stricken therefrom.

The judgment below and this decision are based solely upon the facts as presented by the pleadings and will not be binding upon the defendant in case the plaintiff adopts other methods in its collection business within Wisconsin.

*By the Court.*—The judgment is modified. as herein provided and, as so modified, it is affirmed.