ERICH MILDENBERG, Commissioner Office of Commissioner of Banking
You ask two questions concerning the regulation of nonresident collection agencies under the Wisconsin Collection Agency Law. Section 218.04 (4)(a), Stats., authorizes a nonresident to secure a collection agency license provided that an "active office" is maintained in this state. Your first question relates to the proper interpretation of the "active office" requirement. Your second question concerns whether such requirement constitutes an undue burden on *Page 114 
interstate commerce in violation of the commerce clause, U.S. Const. art. 1, sec. 8.
It is my opinion that the "active office" requirement properly may be interpreted to mean that a nonresident collection agency must maintain a state office at which its records are open to inspection and examination by the commissioner of banking. Sec.218.04 (7)(b), Stats. It further is my opinion that if the active office requirement is so interpreted, it does not constitute an undue burden on interstate commerce.
Interpretation of Active Office Requirement
You suggest three possible interpretations of the "active office" requirement. The first interpretation would require a nonresident collection agency to operate a state office with regular hours of business each week, section Bkg 74.01 (2) Wis. Adm. Code, to conduct its Wisconsin solicitation and collection activities from such office, and to maintain records of all Wisconsin solicitation and collection activity at such office. The second interpretation would require a nonresident collection agency to maintain records at a state office for inspection and examination by the commissioner of banking, and to designate a representative for service of process. The third interpretation would require a nonresident collection agency to maintain an office for service of process and for inspection and examination of records, but such records only would be made available at such office at the request of the commissioner of banking.
It is my opinion that all three interpretations of the "active office" requirement which you suggest constitute a plausible interpretation of the requirement, but that delay in obtaining records and inability to enforce subpoenas in other states may make the third interpretation inconsistent with legislative efforts to regulate nonresident collection agencies.
The "active office" requirement of sec. 218.04 (4)(a), Stats., has remained unchanged since enactment of the original Wisconsin Collection Agency Law in 1937. Ch. 358, Laws of 1937. The law was designed to deal with perceived abuses in credit and collection transactions. Meyers v. Matthews, 270 Wis. 453, 459,71 N.W.2d 368 (1955), appeal dismissed, 350 U.S. 927 (1956); Holz, TheRegulation of Consumer Credit, 1943 Wis. L. Rev. 449, 463-78. Although the "active office" requirement evidently was intended to give the *Page 115 
commissioner of banking nearly equal control over resident and nonresident collection agencies, the degree of control envisioned is not expressly defined.
Section 218.04 (10)(b), Stats., however, does require all licensed collection agencies to "keep such books and records in . . . [its] place of business as will enable the commissioner to determine whether the provisions of this section are being complied with." Similarly, sec. 218.04 (7)(b), Stats., requires that the "place of business, books of accounts, records, safes and vaults of said licensee shall be open to inspection and examination by the commissioner." These sections suggest a legislative judgment that adequate protection for both debtors and assignors of collection claims depends upon the availability of collection agency records for inspection and examination. To the extent that such inspection and examination would be impaired or impeded by the delay needed to transport records from nonresident offices or by the inability to enforce administrative agency subpoenas across state lines, sec. 885.01, Stats., the third suggested interpretation would be inconsistent with the purpose of the "active office" requirement.
 The Burden of the Active Office Requirement on Interstate Commerce
Your second question concerns whether the "active office" requirement, as interpreted in the three ways you suggest, constitutes an undue and unconstitutional burden on interstate commerce. The test for determining whether a state regulation unduly burdens interstate commerce was set forth in Pike v. BruceChurch, Inc., 397 U.S. 137, 142 (1970):
 Where the statute regulates evenhandedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits. Huron Cement Co. v. Detroit, 362 U.S. 440. 443, 4 L.Ed.2d 852, 856, 80 S.Ct. 813, 78 A.L.R. 2d 1294. If a legitimate local purpose is found, then the question becomes one of degree. And the extent of the burden that will be tolerated will of course depend on the nature of the local interest involved, and on whether it could be promoted as well with a lesser impact on interstate activities. *Page 116 
It is clear that Wisconsin has a legitimate state interest in passing "regulatory laws to protect its residents from fraud and unconscionable conduct by out-of-state collection agencies who maintain representatives within the borders of the state."Meyers, 270 Wis. at 461. Absent the ability to license nonresident collection agencies and to examine their records, it is impossible to protect Wisconsin creditors who assign debts to them. For example, the nonresident agency may be undercapitalized, or may be bonded inadequately, or may remit collected funds slowly or not at all. In addition, regulation is necessary to protect business and consumer debtors from harsh and deceptive collection practices.
Congress has recognized the legitimacy of state regulation of collection agencies in the Fair Debt Collection Practices Act.15 U.S.C. sec. 1692. The Act provides for concurrent jurisdiction and specifically gives precedence to state laws which provide greater protection. 15 U.S.C. sec. 1692 (n)-(o). Although the Act applies only to consumer debt collections, the concept of congressional deference to state regulation would apply equally to commercial debt collection.
You have forwarded a memorandum of authorities given to you by an interested group supporting the position that Wisconsin may not require an active office of, and otherwise regulate, foreign collection agencies doing certain business in this state. That memorandum erroneously relies upon the long line of "drummer" cases from the United States Supreme Court listed in a footnote in Memphis Steam Laundry v. Stone, 342 U.S. 389, 392 (1952).
Reliance upon the "drummer" line of cases in this situation fails to recognize the special nature of the practices sought to be regulated here. of concern here is not regulating the sale of picture frames, laundry, or ladies' garments etc., but serious financial matters and collection practices. The United States Supreme Court appropriately discussed this distinction inRobertson v. California, 328 U.S. 440, 458-59 (1946), when it stated:
 But we are far beyond the time when, if ever, the word "license" per se was a condemnation of state regulation of interstate business done within the state's borders. The commerce involved here is not transportation. Nor is it of a sort which touches the state and its people so lightly that local regulation is inappropriate or interferes unreasonably with the commerce of other *Page 117 
states. Not the mere fact or form of licensing, but what the license stands for by way of regulation is important. So also, it is not simply the fact of prohibition, but what is forbidden and for the protection of what interest, that is determinative. For the commerce clause is not a guaranty of the right to import into a state whatever one may please, absent a prohibition by Congress, regardless of the effects of the importation upon the local community. That is true whether what is brought in consists of diseased cattle or fraudulent or unsound insurance.
Since the Wisconsin Collection Agency Law embodies a legitimate local purpose, it will be determined to be an undue burden on interstate commerce only if the burden is clearly excessive in relation to the local benefits, or if the Law's purpose could be promoted as well with a lesser impact on interstate commerce.Pike, 397 U.S. at 142. This determination was made in Meyers,270 Wis. at 460-61, where the court stated:
 After requiring a license and fixing fees, the statute in its remaining provisions aims to safeguard the interests of the public and protect it "from oppressive or deceptive practices." The provisions with respect to maintaining a place of business, keeping books and records which shall be open for inspection, and submitting reports are similar to provisions considered in numerous United States supreme court cases which have upheld the right of the state to control persons working within its borders, even though these persons are engaged in interstate commerce. . . .
 The Wisconsin Collection Agency Law does not impede the flow of interstate commerce by placing upon it an undue burden either as to discriminatory or prohibitive fees or by other discriminatory provisions.
In that case three nonresident solicitors for a foreign corporate collection agency came into Wisconsin "for extended periods in accordance with the business available, to solicit offers of assignments of accounts from merchants, doctors, hospitals, and other creditors" to be subsequently collected entirely by mail. Id. at 455-56. The amended complaint and affidavit of one of the plaintiffs indicates that the actual time spent by him in Wisconsin soliciting collection accounts couldnot have been extensive because he was a nonresident *Page 118 
"traveling manufacturer's agent selling various goods, wares and merchandise for various concerns" in addition to his collection account solicitations for the foreign collection agency and that he divided his time among the states of Illinois, Wisconsin, Missouri and Kansas (Vol. 521 of Cases and Briefs, A-Ap. 111, 126, 130). Therefore, the actual time spent in this state by the nonresident solicitor need not be extensive to bring such solicitor and his/her collection agency within the regulation of sec. 218.04, Stats.
Our state supreme court, in Meyers, 270 Wis. at 460, 462, relied upon such United States Supreme Court decisions as UnionBrokerage Co. v. Jensen, 322 U.S. 202 (1944) California v.Thompson, 313 U.S. 109 (1941), and Robertson v. California,328 U.S. 440 (1946). In Thompson, the Court upheld the constitutionality of a statute requiring the licensing and bonding of transportation agents negotiating for the transportation of passengers over California highways. That statute required the keeping of exact and permanent records of all transactions and that such records "at all times be open to inspection by any officer or agent of the State. county, or city and county within the State" (emphasis supplied). 1933 Cal. Stats., ch. 390, sec. 11.
The decision in Robertson upheld the constitutionality of a California statute, regulating the business of insurance, from the attack that it was an undue burden upon interstate commerce. Robertson was convicted of misdemeanor violations of Cal. (Insurance) Code, secs. 703 and 1642 (Deering), which required that a person be generally licensed and also licensed as a surplus line broker when acting as an agent for a nonadmitted insurer in the transaction of insurance business in the State of California. In that case an Arizona insurance corporation, which was not licensed in California, advertised by radio and United States mail in California. Following the mailing of a reply postcard by a California resident, Robertson sold insurance in person to that resident in Ventura, California. The conviction, as well as the constitutionality of the statute, was upheld by the court, which held that the California statute (the effect of which was to prevent anyone from acting as an agent for a foreign insurer operating on other than a legal reserve basis, with the exception of companies engaged in doing such business in California prior to a certain date) did not violate the commerce clause of the United States Constitution where such conditions applied alike to domestic and foreign insurers. *Page 119 
Most important to this discussion are the "interwoven provisions (of the California statute) regulating activities of surplus line brokers" eventually determined by the United States Supreme Court not to violate the commerce clause. Id. at 452-53. Those additional "interwoven provisions" in the California statute are discussed by the United States Supreme Court in n. 14 at 453 and include the requirements that the surplus line broker maintain an office in that regulating state as well as keeping records and making reports.
Although Meyers generally concludes that the Wisconsin Collection Agency Law does not constitute an undue burden on interstate commerce, it does not undertake the balancing test required by Pike to determine specifically whether the "active office" requirement of the law might be interpreted and applied so as to impose an undue burden on interstate commerce. Accordingly, the balancing test must be applied to each of your suggested interpretations of the "active office" requirement.
The first interpretation would require a nonresident collection agency to operate a state office with regular business hours each week, to conduct its Wisconsin solicitation and collection activities from such office and to maintain records of all Wisconsin solicitation and collection activities at that office. These requirements would apply regardless of the volume of Wisconsin business conducted by the agency and regardless of economies of scale which might result through more centralized operations. Although the state's legitimate purpose of protecting Wisconsin creditors and debtors would be fulfilled by this interpretation of the "active office" requirement, the burden on nonresident collection agencies and on interstate commerce appear to be excessive in relation to the state's interest. Such state interest could be promoted just as well with a lesser impact on the interstate activities of the nonresident collection agencies.
The third interpretation would require a nonresident collection agency to maintain an office for service of process and for inspection and examination of records, but such records would be made available at such office only at the request of the commissioner of banking. As discussed earlier, this interpretation of the "active office" requirement might be inconsistent with the state's legitimate purpose in enacting the Wisconsin Collection Agency law. To the extent that it constitutes a proper interpretation of the statute, however, the application of such a requirement would not impose an undue burden on *Page 120 
interstate commerce. It is difficult to envision how the state's legitimate interest could be promoted with any lesser impact on the interstate activities of nonresident collection agencies unless the agencies merely had to present the records at the office of the commissioner of banking rather than maintaining any
office in Wisconsin.
The second interpretation would require a nonresident collection agency to maintain records at a state office for inspection and examination by the commissioner of banking. In determining whether such interpretation of the "active office" requirement would impose an undue burden on interstate commerce, it is necessary to balance the state's interest in having nonresident collection agency records available for inspection, without any delay and subject to the state's subpoena powers, against the expense to the agencies of maintaining multiple offices and perhaps multiple records in more than one state. Also, it would be necessary to determine whether the state's legitimate interest might be promoted just as well by an interpretation which has a lesser impact on interstate activities. Perhaps such a lesser alternative would be the third interpretation. Under that interpretation, the agency's records would not have to be maintained at an office in Wisconsin, provided that the records would be made available in a state office for examination by the commissioner of banking at his or her request.
The Attorney General of Michigan has concluded that a Michigan law which requires that books and records be kept at a local office in Michigan, under the supervision of a Michigan resident, constitutes an undue burden on interstate commerce. Op. No. 5038 (July 27, 1976). Such opinion, however, fails to undertake the factual inquiry necessary to strike the balance under Pike. I have been unable to find any opinion or decision discussing the constitutionality of requirements in eight other states (Arizona, Colorado, Maine, New Mexico, North Carolina, Oregon, Washington, and West Virginia) which compel recordkeeping at an office maintained in such states. While I can conclude that compelling a nonresident collection agency to present records for inspection and examination by the commissioner of banking at a state office does not impose an undue burden on interstate commerce. I am not able to say conclusively whether requiring that these records bemaintained in the state constitutes such a burden. *Page 121 
Section 218.04 (7)(d), Stats., empowers the commissioner of banking "[t]o make all necessary or proper orders, rules and regulations for the administration and enforcement of this section." Thus, the commissioner has the authority to interpret the term "active office" in a manner believed to be appropriate given the intent of the statute and the characteristics of the collection agency business. As I have indicated it is my opinion that the first interpretation, requiring the maintenance of an office which keeps hours in accordance with section Bkg 74.01 (2) Wis. Adm. Code and the presence of all records pertaining to Wisconsin solicitation and collection activities in the state probably imposes an undue burden on interstate commerce. The commissioner, nevertheless, retains the authority to adopt rules which are not subject to this defect and which are necessary for the implementation of the law.
BCL:LEN