TOBY E. SHERRY, Commissioner Office of Commissioner of Banking
You have requested my opinion concerning the regulation of nonresident collection agencies under the Wisconsin Collection Agency Law. The law was enacted in chapter 358, Laws of 1937, and provides in relevant part:
(1) . . . .
 (a) "Collection agency" means any person engaging in the business of collecting or receiving for payment for others of any account, bill or other indebtedness. . . .
 (b) "Collector" or "solicitor" means any person employed by a collection agency to collect or receive payment or to solicit the receiving or collecting of payment for others of any account, bill or other indebtedness outside of the office.
. . . .
 (2) LICENSES REQUIRED. No person shall operate as a collection agency or as a collector or solicitor in this state without first having obtained a license as required by this section.
Sec. 218.04, Stats.
You ask whether section 218.04 (2), Stats., requires licensure of nonresident collection agencies that conduct business with Wisconsin residents by mail or telephone but have no physical presence in the state. *Page 284 
Your inquiry raises two distinct questions. The first question is whether the terms of section 218.04 (2) require licensure of nonresident collection agencies that conduct business with Wisconsin residents solely by mail or telephone. The second question is whether requiring licensure of such agencies impermissibly burdens interstate commerce. I will address each question separately
I. Whether Section 218.04 (2) Requires Licensure
The primary source in construing a statute is the language of the statute itself. Wis. Environmental Decade v. Public ServiceComm., 81 Wis.2d 344, 350, 260 N.W.2d 712 (1978). Non-technical words must be given their ordinary and accepted meanings, unless the statute specifies otherwise. Sec. 990.01, Stats. If the language of the statute is ambiguous, it is permissible to discern the legislative intent by looking to the language of the statute in relation to its scope, history, context, subject matter and object intended to be accomplished. Wis. EnvironmentalDecade, 81 Wis.2d at 350.
You report that the Office of Commissioner of Banking has interpreted section 218.04 (2) to require licensure of nonresident collection agencies that maintain a minimal physical presence in the state — e.g, by entering the state simply to sign a contract with a creditor previously solicited through the mail or by telephone. I discern no basis for treating nonresident collection agencies that conduct business with Wisconsin residents solely by mail and telephone any differently under section 218.04 (2).
The language and purpose of section 218.04 indicates that the Legislature intended to require licensure of nonresident collection agencies that conduct business with Wisconsin residents solely by mail and telephone. Section 218.04 (2) provides that no person shall "operate" as a collection agency, collector or solicitor in the state without first obtaining a license. Webster's Third New International Dictionary 1580 (1986) defines "operate" to include: "1: to perform a work or labor: exert power or influence: produce an effect." Nonresident *Page 285 
collection agencies that do not have a physical presence in Wisconsin can exert influence and produce an effect in Wisconsin by using the mail and telephone to solicit accounts from creditors and payments from debtors in Wisconsin. The language of the statute does, therefore, appear to encompass collection agencies that conduct business with Wisconsin residents solely by mail and telephone.
The purpose of the licensure requirement is to protect the public from oppressive or deceptive collection practices. Meyersv. Matthews, 270 Wis. 453, 460, 71 N.W.2d 368 (1955), cert.dismissed, 350 U.S. 927 (1956). As my predecessor observed:
 Absent the ability to license nonresident collection agencies and to examine their records, it is impossible to protect Wisconsin creditors who assign debts to them. For example, the nonresident agency may be undercapitalized, or may be bonded inadequately, or may remit collected funds slowly or not at all. In addition, regulation is necessary to protect business and consumer debtors from harsh and deceptive collection practices.
69 Op. Att'y Gen. 113, 116 (1980).
Failing to require licensure of nonresident collection agencies that conduct business with Wisconsin residents solely by mail and telephone would leave a portion of the public unprotected from these evils. Thus, based on the language and the purpose of the law, I conclude that the Legislature intended to require that such collection agencies be licensed under section 218.04.
II. Burden On Interstate Commerce
The Wisconsin Supreme Court has considered two commerce clause challenges to the licensing requirement in section 218.04. InMetropolitan Finance Corp. v. Matthews, 265 Wis. 275,61 N.W.2d 502 (1953), a Missouri corporation sought a declaratory judgment that it was not subject to the requirement because it was engaged in interstate commerce. The corporation alleged that it used Wisconsin residents who were independent *Page 286 
contractors to solicit accounts from creditors in the state and that, thereafter, the corporation's contact with the state was limited to soliciting Wisconsin debtors, by mail, to pay their accounts and remitting the payments, by mail, to the creditors. Id. at 276-77. The court accepted the corporation's allegations as true and held that "[s]o long as the solicitors are independent contractors and not subject to the direction of the plaintiff, its proposed activities within Wisconsin would be so minor that they would not be subject to regulation by the state." Id. at 279.
In a subsequent case involving the same corporation, the court found that the corporation's solicitors in Wisconsin were in fact agents, rather than independent contractors, of the corporation.Meyers, 270 Wis. 453. The Meyers court held that, as a result, the state could require the corporation to obtain a license under section 218.04 (2) without running afoul of the commerce clause.Id. at 468.
The court's analysis in both Metropolitan Finance and Meyers
implied that a state regulation affecting interstate commerce is per se invalid when applied to interstate entities that are not physically present within the state. Actual physical presence within a state is, however, no longer a prerequisite for valid state regulation. Under modern commerce clause analysis, courts determine the validity of a state regulation by applying the balancing test set forth in Pike v. Bruce Church, Inc., 397 U.S. 137,142 (1970):
 Where the statute regulates even-handedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits. . . . If a legitimate local purpose is found, then the question becomes one of degree. And the extent of the burden that will be tolerated will of course depend on the nature of the local interest *Page 287 
involved, and on whether it could be promoted as well with a lesser impact on interstate activities.
(Citation omitted.)
At least three courts have applied this balancing test to determine whether a state may apply a licensing requirement to nonresident collection agencies that conduct business with state residents solely by mail or telephone. Silver v. Woolf,538 F. Supp. 881 (D. Conn.), aff'd, 694 F.2d 8 (1982), cert. denied,460 U.S. 1070 (1983); Com. v. Allied Bond and Collection Agency,394 Mass. 608, 476 N.E.2d 955, cert. dismissed, 474 U.S. 991 (1985);Dun Bradstreet, Inc. v. McEldowney, 564 F. Supp. 257 (D. Idaho 1983). All three courts held that the state may impose some form of licensing requirement on such agencies without running afoul of the commerce clause. These cases establish that, under thePike test, it is not a per se violation of the commerce clause to apply state regulations to nonresident collection agencies that have no physical presence in the state. See also Aldens, Inc. v.LaFollette, 552 F.2d 745 (7th Cir.), cert. denied, 434 U.S. 880
(1977) (holding that applying the Wisconsin Consumer Act to an out-of-state mail order company that conducted business with Wisconsin residents solely by mail did not impermissibly burden interstate commerce). The benefits of applying the state licensing requirement to those collection agencies must be weighed against the burden the requirements will place on interstate commerce.
In 69 Op. Att'y Gen. 113, my predecessor applied the balancing test to the requirement, in section 218.04 (4), that licensed nonresident collection agencies maintain an "active" office in Wisconsin. As that opinion indicates, there is no doubt that the state has a legitimate interest in regulating collection agencies:
 Congress has recognized the legitimacy of state regulation of collection agencies in the Fair Debt Collection Practices Act. 15 U.S.C. § 1692. The Act *Page 288 
provides for concurrent jurisdiction and specifically gives precedence to state laws which provide greater protection. 15 U.S.C. § 1692 (n)-(o). Although the Act applies only to consumer debt collections, the concept of congressional deference to state regulation would apply equally to commercial debt collection.
Id. at 116.
The purpose of the licensing requirement is to protect debtors from harsh and deceptive collection practices and ensure that creditors receive funds collected on their behalf. See id. The statute requires collection agencies operating in the state to obtain a license, maintain an "active" office in the state, file an annual report with the commissioner, retain books at the office sufficient for the commissioner to determine whether the agency is complying with the statute and post bond, if required by the commissioner. Sec. 218.04 (2), (4)(b), (10) and (3)(d), Stats. The administrative rules require that the "active" office be open Monday through Friday for at least three regularly scheduled hours per day. Wis. Admin. Code § Bkg 74.01 (2).
You indicated that these requirements are currently applied to nonresident collection agencies that have a minimal physical presence within the state. There is no reason to believe that these requirements are more burdensome for nonresident agencies that deal with Wisconsin residents solely by mail or telephone. Moreover, the requirements appear to be well-tailored to enabling the commissioner to determine whether collection agencies are complying with the provisions of the statute.
At least two courts have upheld remarkably similar requirements against an interstate commerce clause challenge. In Dun Bradstreet, Inc., 564 F. Supp. at 262-63, the court held that applying the requirements of the Idaho Collection Agency Law to a nonresident collection agency that conducted business with Idaho residents solely by mail and telephone did not violate the interstate commerce clause. The Idaho law *Page 289 
required a collection agency to maintain an office in the state, designate a person to operate the office and keep the office open during at least a portion of each business day. Id. at 260. Similarly, in Allied Bond and Collection Ag., 476 N.E.2d 955, the court held that applying the Massachusetts collection agency licensure requirements to a nonresident consumer collection agency that conducted business in the state solely by interstate mail or telephone did not impermissibly burden interstate commerce. The Massachusetts regulations required a collection agency to maintain an office in the state, file a schedule of days and hours the office would be open and maintain specified records at the office. Id. at 956 n. 1. The licensure requirements under Wisconsin law are virtually identical. Sec. 218.04, Stats., and Wis. Admin. Code § Bkg 74.01 (2).
I cannot determine conclusively whether the state's interests could be promoted as well with alternative requirements that have a lesser impact on interstate commerce. However, in my opinion, the burden that the existing licensure requirements impose on interstate commerce is not "clearly excessive" in relation to their local benefits. In my opinion, it is, therefore, probable that a court would conclude that applying the requirements to nonresident collection agencies that conduct business with Wisconsin residents solely by mail or telephone would not impermissibly burden interstate commerce.
JED:MWS *Page 290